**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BLISSFUL ENTERPRISES, LLC d/b/a COMFORT INN & SUITES EDGEWOOD, ENA HOTELS, LLC d/b/a LA QUINTA INN & SUITES EDGEWOOD, and AKHILBHAI PATEL, individually, and as owner of ENA HOTELS, LLC and manager of both aforementioned corporations,<br><br>　　　　Defendants. | Civil Action No. _____ |

**COMPLAINT**

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("the Secretary") brings this action to enjoin against BLISSFUL ENTERPRISES, a limited liability company d/b/a COMFORT INN & SUITES EDGEWOOD, ENA HOTELS, a limited liability company d/b/a LA QUINTA INN & SUITES EDGEWOOD, and AKHILBHAI PATEL, individually, and as owner of ENA HOTELS and manager of the aforementioned companies (collectively, "Defendants"), from violating Sections 7 and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"). The Secretary is also seeking a judgment against Defendants in the total amount of back wage overtime compensation, and an equal amount in liquidated damages, found by the Court to be due to any employees of the Defendants pursuant to the Act.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant BLISSFUL ENTERPRISES d/b/a COMFORT INN & SUITES EDGEWOOD is a limited liability company duly organized under the laws of the State of Maryland, with a registered office at 30 Office Street, Bel Air, MD 21014.  Defendant is engaged in the operation of a hotel located at 2112-A Emmorton Park Road, Edgewood, MD 21040 ("Comfort Inn"), within the jurisdiction of this court.

3. Defendant ENA HOTELS d/b/a LA QUINTA INN & SUITES EDGEWOOD is a limited liability company duly organized under the laws of the State of Maryland, with a registered office at 2112 Emmorton Park Road, Edgewood, MD 21040.  Defendant is engaged in the operation of a hotel located at 2112-B Emmorton Park Road, Edgewood, MD 21040 ("La Quinta"), within the jurisdiction of this court.

4. Defendant AKHILBHAI PATEL has a one-hundred percent ownership interest in La Quinta.  He is the general manager at both the Comfort Inn and La Quinta locations.  He resides at 300 Greenway Place, Bel Air, MD 21014.  Mr. Patel has directed employment practices and has directly or indirectly acted in the interests of Blissful Enterprises and ENA Hotels in relation to their employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation, and supervising employees day-to-day.  Mr. Patel is an employer as defined by Section 3(d) of the Act.

5. The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

6. At the Comfort Inn, Defendants Blissful Enterprises and Mr. Patel have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling goods or materials that have been moved in or produced for commerce, such as housekeeping supplies. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the Comfort Inn employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

7. At the La Quinta, Defendants ENA Hotels and Mr. Patel have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling goods or materials that have been moved in or produced for commerce, such as housekeeping supplies. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the La Quinta employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

8. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act at both the Comfort Inn and La Quinta locations by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one-and-one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Sections 16(c) and 17 of the Act.

For example: During the time period from at least January 31, 2015, through at least October 29, 2017, Defendants failed to pay a premium of one-and-one-half times their regular rate for hours worked over forty in a week.  At both the Comfort Inn and La Quinta locations, it was the practice of the Defendants to pay straight-time for hours worked over forty in a workweek.  Workweeks for many of these employees ranged from approximately fifty to approximately sixty hours, but these employees did not receive time and one-half their regular rate for their overtime hours.  In addition, there was a subset of employees at both the Comfort Inn and La Quinta that were classified by Defendants as exempt from receiving overtime, though these employees did not perform management duties or supervise other employees.  While categorized as salaried workers, this subset of employees were payed a salary in weeks in which they worked over forty hours.  Workweeks for many of these employees ranged from approximately fifty to approximately seventy hours, but these employees did not receive time and one-half their regular rate for their overtime hours.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7 and 15(a)(2) of the Act; and

(2)     For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of January 31, 2015 through October 29, 2017, and for an equal amount due to certain of Defendants' current and former employees in liquidated

damages.  Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants' listed in the attached Schedule A for violations continuing after October 29, 2017, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

      (3)     In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due to Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor and issue an order granting such other and further relief as may be necessary and appropriate.

        Respectfully submitted,

        Kate S. O'Scannalin
        Solicitor of Labor

        Oscar L. Hampton III
        Regional Solicitor

        Adam F. Welsh
        Regional Counsel for Wage Hour

        */s/ Brittany M. Williams*
        Brittany M. Williams
        Bar ID# 809445
        Office of the Solicitor, Region III
        Suite 630 East, The Curtis Center
        170 South Independence Mall West
        Philadelphia, PA 19106-3306
        (215) 861-5133 (Phone)
        (215) 861-5162 (Fax)
        williams.brittany.m@dol.gov

        U.S. DEPARTMENT OF LABOR

        Attorneys for Plaintiff

        Date: October 15, 2018